UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HSA ST. JOSEPH LLC

v.

CLINT SOSA

Case No. _____

## ORIGINAL COMPLAINT

1. St. Joseph Medical Center (SJMC) a full-service hospital in Houston, Texas is owned by HSA St. Joseph, LLC, a wholly owned subsidiary of Healthcare System of America (HSA). SJMC brings this lawsuit against its former employee Clint Sosa for violations of the Computer Fraud and Abuse Act (CFAA), codified as 18 U.S. Code § 1030.

2. SJMC brings this action to recover compensatory damages, equitable relief in the accompanying notice and motion for a temporary restraining order and reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the CFAA, 18 U.S. Code § 1030.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. St. Joseph conducts substantial business operations in this District and Division.

6. Sosa worked for St. Joseph in this District and Division.

## THE PARTIES

7. Clint Sosa (Sosa) worked for SJMC as a Corporate Communications Director from approximately November 25, 2024 to March 4, 2025.

1

8. Sosa was, at all relevant times, an employee of St. Joseph, from approximately February 2024 until Present.

9. HSA St. Joseph LLC (St. Joseph or SJMC) is a Texas domestic limited liability company.

10. Sosa can be served at his last known address at 14706 Mauna Loa Lane, Houston, TX 77040.

## COVERAGE UNDER THE CFAA

11. At all times hereinafter mentioned, SJMC owns and has suffered "damage" within the meaning of Section e(8) of the CFAA, "any impairment to the . . availability of data, a program, a system, or information" and "loss" within the meaning of Section e(11) of the CFAA, "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."

12. Defendant Sosa maintains access to a protected account;

13. Sosa continues to maintain access without authorization or by exceeding such authorization as was granted;

14. Sosa has done so knowingly and with intent to defraud; and

15. As a result Sosa has furthered the intended fraud and sought to obtain something of value from the Plaintiff.

16. SJMC through its current employees has sought to engage in commerce using protected computers to access its social media and web accounts.

17. At all relevant times hereinafter mentioned, Sosa was engaged in commerce

or in the production of goods for commerce.

## FACTS

18. SJMC is a hospital located in downtown Houston, Texas.

19. Sosa worked for SJMC as a Corporate Communications Director from approximately November 2024 to February 2025, responsible for social media and web presence for eight hospitals, including SJMC, owned by HSA.

20. SJMC terminated Sosa while he was a probationary employee for having an unsuccessful introductory period.

21. Since his termination, SJMC has repeatedly demanded Sosa provide the passwords to its accounts for all 8 hospitals.

22. On March 25, 2025, Sosa demanded payment of a consulting fee in order to provide SJMC and HSA access to their own accounts.

23. St. Joseph's failure to pay the extortion demanded by Sosa has resulted in its inability to access its followers, content and marketing channel it acquired through interstate commerce.

## CAUSE OF ACTION- DAMAGES FOR CFAA VIOLATIONS

24. HSA acquired accounts and data to X, Facebook, and the internet for 8 (eight) hospitals, including SJMC.

25. As an employee of SJMC, Sosa maintained HSA's web and social media accounts and expanded HSA's web presence to LinkedIn and others as part of his employment.

26. Sosa lost his authorization to access these accounts upon his termination for poor performance during his probationary period on March 4, 2025..

27. Sosa has maintained access to HSA's accounts without authorization.

28. As a result of Sosa withholding passwords and MFA methods from HSA, the all eight hospitals including SJMC have been unable to promote its business, including revived services by SJMC to the downtown Houston community to its many followers through cost-effective and targeted social media announcements, thus resulting in damages, including, but not limited to loss of loss of future revenues.

29. SJMC is entitled to compensatory damages and equitable relief under Section g of the CFAA.

30. Accordingly, SJMC is entitled to past and future lost profits, equitable relief to return its access, and attorneys' fees and costs.

## RELIEF SOUGHT

31. WHEREFORE, SJMC prays for judgment against Sosa as follows:

    a. For an Order finding Sosa liable for SJMC's loss of access to its social media and web accounts;

    b. For an Order finding Sosa liable to return SJMC's social media and web account passwords and resetting the multi-factor authentication (MFA) methods for SJMC's benefit;

    c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d. For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 26, 2025

Respectfully submitted,

By: *Isl Asim Ghafoor*
Asim Ghafoor (SDTX Bar #1384109)
HSA Regional Counsel
1401 St. Joseph Parkway
Houston, TX 77002
(202) 330 1469
aghafoor@hsahospitals.com
ATTORNEY FOR HSA ST. JOSEPH LLC

4