UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HSA ST. JOSEPH LLC<br><br>v.<br><br>CLINT SOSA | Case No. 4 : 25-cv-01411 |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER

When Clint Sosa was terminated by Plaintiff HSA St. Joseph, LLC (SJMC) as a Corporate Communication Director, he continued to maintain unlawful access to the social media and web accounts owned by the Plaintiff and its affiliated hospitals at Healthcare Systems of America (HSA) and refuses to provide such access despite repeated demands.

FACTUAL BACKGROUND

Plaintiff incorporates and adopts the factual allegations set forth in its Complaint, and the Declaration and Exhibit filed with this Motion.

**A. Sosa's Continued Withholding of Access to SJMC's and HSA's Social Media and Web Accounts.**

Despite repeated demands to provide the passwords and access to its own accounts that Defendant is no longer authorized to access, Defendant Sosa continues to withhold passwords and multi-factor authentication for X, Facebook, LinkedIn and other web accounts owned by SJMC. Sosa has no right to this continued access and must immediately restore access and control to SJMC for all SJMC and HSA accounts.

**B. Sosa's Attempt to Extort Money from SJMC for Access.**

Sosa's demand for money confirms his lack of good faith in returning access to accounts he has no authority to maintains.

**C. On-Going Harm to SJMC and HSA Hospitals**

1

On March 31, 2025, SJMC plans a long-awaited reopening of two floors at its hospital in downtown Houston and wishes to launch a cost-effective and broad social media campaign to its dedicated followers.

## STANDARD OF LAW

District courts may grant injunctive relief pursuant to Federal Rule of Civil Procedure 65(b) in the form of a temporary restraining order ("TRO") or a preliminary injunction ("PI") which are essentially the same. *See May v. Wells Fargo Home Mortg.*, 2013 U.S. Dist. LEXIS 75629, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013). The standard for a preliminary injunction consists of these four factors that Plaintiff must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." *Valley v. Rapides Parish School Bd.,* 118 8 F.3d 1047, 1051 (5th Cur. 1997) (*citing Roho Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).

## ARGUMENT

Plaintiff is entitled to a temporary restraining order because it satisfies its burden to prove four things: (1) a likelihood of success on the merits, (2) a substantial threat of irreparable harm, (3) that the injunction sought is in the public interest, and (4) the threat of injury outweighs any harm the injunction may cause. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

Such findings are unavoidable in this case. Defendant has no authority to maintain access to these accounts and his continued access is in violation of the civil remedies under the CFAA. The CFAA allows compensatory damages and injunctive relief for loss and damages, as defined in the statute, alleged in Plaintiff's Complaint. The public has a right to know of health care

innovations in downtown Houston, Port Arthur, Texas, West Monroe, LA and Miami, FL where HSA owns and operates 8 (eight) hospitals and Defendant's actions are preventing this while also denying Plaintiff its rights to engage in interstate commerce of providing healthcare services.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for a temporary restraining order and grant the relief requested.

Dated: March 27, 2025                Respectfully submitted,

       /s/ Asim Ghafoor
Asim Ghafoor (SDTX Bar #1384109)
HSA Regional Counsel
1401 St. Joseph Parkway
Houston, TX 77002
(202) 330 1469
aghafoor@hsahospitals.com
ATTORNEY FOR HSA ST. JOSEPH LLC

### Certification of Efforts to Notify Defendant of this Motion

In accordance with Rule 65(b)(1)(B), counsel for Plaintiff hereby certifies that it has made extensive efforts to notify Defendant of this motion. Plaintiff's counsel emailed a copy of this motion and mailed a copy to his last known address. Because Plaintiff needs access to these accounts immediately and Defendant continues to extort money from Plaintiff, Plaintiff respectfully request that the Court enter a temporary restraining order and grant a preliminary injunction before those violations continue.

       /s/ Asim Ghafoor
Asim Ghafoor (SDTX Bar #1384109)
HSA Regional Counsel
1401 St. Joseph Parkway
Houston, TX 77002
(202) 330 1469
aghafoor@hsahospitals.com
ATTORNEY FOR HSA ST. JOSEPH LLC