UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSA ST. JOSEPH LLC, | § § | |
| Plaintiff, | § § | Case No. 4:25-cv-01411 |
| v. | § § | |
| CLINT SOSA | § § | |
| Defendant. | § § | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Clint Sosa, files this Answer to Plaintiff's Original Complaint (hereinafter referred to as "Complaint"), and states as follows:

### DEFENDANT'S ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

1. Defendant admits only that St. Joseph Medical Center (SJMC) is owned by HSA St. Joseph, LLC, and denies the remaining allegation.

2. The allegations of paragraph 2 of the Complaint state legal conclusions to which no response is required, but to the extent that such allegations require an answer, they are denied.

3. The allegations of this paragraph of the Complaint state legal conclusions to which no response is required, but to the extent that such allegations require an answer, they are denied.

4. The allegations of this paragraph of the Complaint state legal conclusions to which no response is required, but to the extent that such allegations require an answer, they are denied.

1

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendant denies being an employee of SJMC from approximately February 2024.

9. Admitted.

10. Defendant admits only that his address is current.

11. The allegations of this paragraph of the Complaint state legal conclusions to which no response is required, but to the extent that such allegations require an answer, they are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant lacks information as to the truth of the matters asserted, and therefore Defendant denies the allegation.

17. The allegations of this paragraph of the Complaint state legal conclusions to which no response is required, but to the extent that such allegations require an answer, they are denied.

18. Admitted.

19. Admitted.

20. Defendant admits only that his employment was terminated but denies the alleged cause.

21. Defendant admits that Plaintiff requested assistance with passwords on or about March 25, 2025, three weeks after Defendant was terminated. Defendant denies that Plaintiff repeatedly made requests and Defendant denies having access to the passwords.

22. Defendant admits only that a consulting fee was discussed as a potential solution, payable to either Defendant or any agency with knowledge of the recovery process. Defendant denies any remaining allegations in this paragraph.

23. Defendant lacks information as to the truth of the matters asserted, and therefore Defendant denies the allegation.

24. Defendant lacks information as to the truth of the matters asserted, and therefore Defendant denies the allegation.

25. Defendant admits serving as manager of social media and web presence, which already included the LinkedIn accounts.

26. Defendant admits only that his employment was terminated but denies the alleged cause.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

32. The Plaintiff notified the Defendant of the separation on March 3, 2025, and completed the separation on March 4, 2025.

33. At no point during March 3, 2025 to March 4, 2025 did Plaintiff outline to Defendant the transfer process of the social media accounts to one of its appointed officers, representatives, or authorized agents.

34. On March 25, 2025, Plaintiff, through its officer Jaime Malveaux, notified Defendant that Plaintiff was seeking assistance with the recovery of social media accounts.

35. Following Defendant's separation from Plaintiff on March 4, 2025, the March 25, 2025 communication with Plaintiff's officer Jaime Malveaux, was the first attempt by Plaintiff to notify Defendant it was requesting assistance with the social media accounts.

36. The Facebook and LinkedIn accounts managed by Defendant were managed through personal profiles connected to the business pages and were not managed through a list of passwords.

37. At no time during employment with Plaintiff did the Defendant engage the use of the X platform.

38. At no time during employment with Plaintiff was the Defendant the owner of the website management platform. The Plaintiff's agent for website ownership was one StarVista Tech.

39. On March 25, 2025, Defendant advised Plaintiff's officer, Jaime Malveaux, that, in the absence of a list of passwords for Facebook and LinkedIn, Plaintiff would need to engage a specialist to assist with the recovery of accounts.

40. Defendant suggested to Plaintiff's officer, Jaime Malveaux, that, due to the absence of a list of passwords and the Plaintiff's need for a social media specialist to assist with recovery, Defendant could be assigned as the Plaintiff's agent to conduct said recovery process.

41.     Defendant also notified the Plaintiff's officer, Jaime Malveaux, that the second item the Plaintiff would need for Facebook access would be the multifactor authenticator (MFA) which the Defendant could easily provide regardless of who the Plaintiff engaged to facilitate the recovery.

42.     Plaintiff's officer, Jaime Malveaux, confirmed she understood that in the absence of passwords, a recovery process was needed and that she would discuss further with her superiors and revert with a way forward.

43.     On March 25, 2025, following the conversation with Plaintiff's officer, Jaime Malveaux, one of the Plaintiff's senior officers, Faisal Gill, contacted the Defendant to state it was his understanding that Defendant was withholding passwords for the social media accounts.

44.     Defendant attempted to explain to Plaintiff's senior officer, Faisal Gill, the nature of how the Facebook and LinkedIn accounts were set up. The Plaintiff's senior officer, Faisal Gill, was not receptive to the explanation, and the Defendant, in the midst of a pressing engagement, informed Mr. Gill that the call needed to end.

45.     Plaintiff's senior officer, Faisal Gill, sent a text message to Defendant notifying the Defendant that the matter would now move to the court via a lawsuit.

46.     On or about April 1, 2025, in good faith, Defendant compiled guidance on the recovery process for the Facebook and the LinkedIn accounts and provided the one-time MFA number for Facebook.

47.     Plaintiff regained access to Facebook and LinkedIn on April 1, 2025. Plaintiff delayed posting until April 8, 2025, seven days after gaining access.

## Defenses

48.     Plaintiff has failed to mitigate alleged damages.

49. The Complaint fails to state a claim upon which relief can be granted.

50. Plaintiff's claims are barred by the doctrine of estoppel.

51. Plaintiff's claims are barred by the doctrine of laches.

52. Plaintiff's claims are barred by the doctrine of waiver.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that his answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal and equitable, be awarded Defendant.

Dated: May 21, 2025

Respectfully submitted,

By: /s/ Laura Lange
Texas Bar No. 24144544
Ewing & Jones, PLLC
6363 Woodway, Suite 1000
Houston, Texas 77057
Telephone: (713) 590-9600
E-mail: llang@ewingjones.com
***Attorney for Defendant Clint Sosa[1]***

---

[1] Counsel has a pending motion to withdraw as counsel for Defendant. Given that the motion remains pending, Counsel is filing this Answer on behalf of Defendant.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing pleading has been served on counsel of record for all parties via electronic filing system this 21st day of May, 2025.

Asim Ghafoor                              ***Via Email:*** aghafoor@hsahospitals.com
HSA Regional Counsel
1401 St. Joseph Parkway
Houston, TX 77002

                                                   /s/ Laura Lange
                                                   Laura Lange