**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

JUL 0 6 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| HSA ST. JOSEPH LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 4:25-cv-01411 |
| | § | |
| v. | § | |
| | § | |
| CLINT SOSA | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, TO RULE ON DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND FOR RULE 16 SANCTIONS

Defendant, Clint Sosa ("Sosa"), respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 41(b), to dismiss this action with prejudice for Plaintiff, HSA St. Joseph LLC ("St. Joseph") has failed to prosecute. This case has languished for months due to Plaintiff's wholesale abandonment of its own lawsuit. Plaintiff failed to submit the expert report required by the scheduling order, conducted no discovery, failed to respond to Defendant's Motion for Summary Judgment, and most recently has failed to respond to multiple communications from both the Defendant and the Court-appointed Magistrate seeking to schedule the Settlement Conference this Court directed. Copies of those unanswered emails are attached hereto as Exhibit A and Exhibit B for the Court's reference.

Defendant does not move to dismiss lightly, and Defendant does not seek to avoid the Court's settlement conference directive. Quite the opposite: Defendant has diligently

1

complied with every obligation imposed by this Court's scheduling order and every subsequent directive, and Defendant stands ready to participate in the settlement conference. The problem is that Plaintiff simply will not engage. Plaintiff filed this lawsuit and then stopped prosecuting it. Under these circumstances, continued pendency of this action serves no legitimate purpose. It wastes limited judicial resources, prejudices Defendant through mounting legal consulting expense and perpetual uncertainty, and rewards conduct that is, at its core, an abuse of the litigation process.

Accordingly, Defendant respectfully requests that this Court dismiss this action with prejudice pursuant to Rule 41(b). In the alternative, Defendant requests that the Court rule on Defendant's pending, fully briefed, and unopposed Motion for Summary Judgment, which independently warrants judgment in Defendant's favor, and that the Court impose appropriate sanctions under Federal Rule of Civil Procedure 16(f) for Plaintiff's failure to participate in court-directed proceedings. Such sanctions should be levied against Plaintiff, Plaintiff's counsel, and Plaintiff's most senior executive, Faisil Gill, who, as a veteran attorney with expertise in the proceedings of the Court and the implications of purposefully delaying the pursuit of its own lawsuit, initiated and strategized this lawsuit to abuse the litigation process and weaponize the CFAA against an employee whom he, as the direct supervisor, failed to properly offboard.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

**A. Plaintiff Files Suit and the Court Enters a Scheduling Order.**

On or about March 26, 2025, Plaintiff commenced this action by filing a Complaint against Defendant. The complaint alleges Sosa violated the Consumer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") by maintaining access to St. Joseph's social media accounts following his termination. [Dkt. 1].

The parties thereafter conferred and jointly submitted a proposed scheduling order, which this Court entered on July 2, 2025. [Dkt. 19]. The scheduling order established deadlines for expert disclosures, discovery, and dispositive motions, all of which the parties had agreed upon.

Defendant timely retained counsel, answered the Complaint, and prepared to defend this litigation in compliance with the Court's order. From the outset, Defendant has met each deadline, responded to each Court directive, and sought to move this case toward resolution on the merits.

**B. Plaintiff Fails to Submit a Required Expert Report.**

The scheduling order required the Plaintiff to designate testifying experts and serve the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) by October 31, 2025, and the Defendant by November 21, 2025. Rule 26(a)(2) mandates that an expert report contain, among other things, a complete statement of all opinions the expert will express, and the basis and reasons for each. This disclosure obligation is not optional; it is a foundational requirement designed to ensure that parties can meaningfully prepare for trial.

3

Plaintiff did not serve any expert report by the deadline established in the scheduling order. Plaintiff did not seek an extension of the expert disclosure deadline, did not notify Defendant that an extension might be needed, and offered no explanation for its failure to comply.

Defendant requested and was awarded an extension by the Court on November 21, 2025. [Dkt. 23]. On December 22, 2025, Defendant served its own expert disclosures in accordance with the extension. [Dkt. 24].

Plaintiff's failure to produce an expert report is particularly significant given the nature of the claims asserted. Without expert testimony, Plaintiff cannot meet its burden of proof at trial, and Plaintiff's failure to designate an expert reflects the same pattern of abandonment that pervades this litigation.

## C. Plaintiff Fails to Pursue Discovery.

The discovery period established by the scheduling order closed on January 30, 2026. During that entire period, Plaintiff served no written discovery on Defendant, noticed no depositions, sought no documents, and undertook no investigative activity of any kind in connection with the prosecution of this lawsuit. Plaintiff did not seek any extension of the discovery period, did not contact Defendant to discuss discovery, and offered no explanation for its inaction.

Defendant stood ready to respond to any discovery Plaintiff chose to propound. None came. Plaintiff's failure to conduct any discovery, taken together with its failure to

4

submit an expert report, leaves no doubt that Plaintiff has made no genuine effort to develop or substantiate the claims it chose to file.

**D. Defendant Files a Motion for Summary Judgment; Plaintiff Does Not Respond.**

On April 20, 2026, Defendant filed its Motion for Summary Judgment, demonstrating that there is no genuine dispute as to any material fact and that Defendant is entitled to judgment as a matter of law. [Dkt. 26]. Pursuant to Federal Rule of Civil Procedure 56(c)(1), Plaintiff's response was due 21 days after the motion was filed. That deadline has passed. Plaintiff filed no response, no opposition, no request for an extension of time, and no communication of any kind with Defendant or with the Court explaining its failure to respond.

Defendant's Motion for Summary Judgment therefore stands unopposed and is ripe for decision. However, out of an abundance of caution and in deference to this Court's preference to resolve disputes through mediation or settlement conference where possible, Defendant followed the Court's requirement and attempted to confer with the Plaintiff to set up a settlement conference.

**E. Plaintiff Refuses to Respond to Settlement Conference Scheduling Communications.**

Pursuant to this Court's directive, after a Motion for Summary Judgement has been filed, the parties are first required to participate in a Settlement Conference. Defendant has

made multiple good-faith efforts to coordinate with Plaintiff's counsel to schedule a Settlement Conference session. These efforts have been met with complete silence.

As reflected in the emails attached hereto as Exhibit A, Defendant sent correspondence to Plaintiff's counsel on May 15, 2026, and May 22, 2026, each time requesting a response regarding the proposed Settlement Conference. Plaintiff's counsel did not respond to any of these communications.

Since Defendant was unsuccessful communicating with the Plaintiff on the matter of the Settlement Conference required by the Court, Defendant requested the intervention of the Court to facilitate communication and the logistics for the Settlement Conference. On June 1, 2026, the Court issued an order referring the matter to a Magistrate Judge for Settlement Conference. [Dkt. 28].

On June 2, 2026, Case Manager for the Hon. Christina A. Bryan issued a communication addressed to and including as recipients both the Plaintiff's counsel and the Defendant to inform both parties that a spot was available on August 20, 2026, at 1:00 p.m. for a Settlement Conference appointment. On June 2, 2026, Defendant responded to the Case Manager, the Plaintiff's Counsel copied on the correspondence, to confirm the proposed date and time worked for the Defendant. The Plaintiff did not respond. On June 4, 2026, the Case Manager responded to confirm receipt of the Defendant's response and specifically requested that the Plaintiff's counsel respond to the request. Plaintiff's counsel did not respond to the Case Manager's request. On June 8, 2026, Defendant followed up

6

with the Case Manager, the Plaintiff's Counsel copied on the correspondence, to identify what the deadline was for the Plaintiff to respond to secure the appointment. On June 9, 2026, the Case Manager responded only to confirm that the date was still available at the time of the correspondence. On June 9, 2026, Defendant responded to the Case Manager, the Plaintiff's Counsel copied on the correspondence, seeking further clarification on a specific deadline for the Plaintiff to respond or if the Plaintiff was allowed to ignore the Court's directives indefinitely. The Case Manger did not respond, nor has the Plaintiff's Counsel responded to any of the communication. Plaintiff has made no effort whatsoever to participate in the Settlement Conference this Court has ordered. The communication between the Case Manager and the Defendant, on which the Plaintiff's Counsel was copied at all times, is attached as Exhibit B.

## II.    ARGUMENT

**A. Legal Standard Under Rule 41(b).**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

In the Fifth Circuit, courts weigh several factors when evaluating a Rule 41(b) motion, including: (1) whether the delay was caused by the Plaintiff's own conduct; (2) whether the defendant has been prejudiced by the delay; (3) whether the court's docket management needs weigh in favor of dismissal; and (4) whether a lesser sanction would

achieve the same result. *See, e.g., Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Each of these factors weighs in favor of dismissal here.

## B. Plaintiff's Own Conduct Has Caused the Delay and Demonstrates Abandonment of This Litigation.

The delay and inaction in this case are attributable solely to Plaintiff. Plaintiff chose to file this lawsuit. Plaintiff agreed to the scheduling order. Plaintiff then failed to comply with any of its obligations under that order—it submitted no expert report, engaged in no discovery, filed no opposition to Summary Judgment, and responded to no communications from Defendant or, effectively, from this Court. This is not a case involving excusable neglect, unanticipated circumstances, or a litigant who has fallen behind and seeks an opportunity to catch up. Plaintiff has not sought any extensions, offered any explanations, or appeared to take any steps to move this case forward.

The pattern of conduct is consistent with a Plaintiff who commenced this action without any genuine intention of bringing it to conclusion. Plaintiff's lawsuit has subjected Defendant to the burden, expense, and reputational uncertainty of litigation—which may well have been its purpose—while Plaintiff has expended no effort to actually prove its claims. Such conduct constitutes an abuse of the litigation process. Courts in this Circuit have not hesitated to dismiss actions where, as here, a Plaintiff's inaction imposes costs and uncertainty on the opposing party. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417-18 (5th Cir. 2006).

Plaintiff cannot be permitted to use federal court as an instrument to cast aspersions and generate uncertainty while bearing none of the responsibilities of a litigant. The filing of a lawsuit carries with it affirmative obligations—to designate experts, to pursue discovery, to meet deadlines, and to engage with the opposing party and the Court. Plaintiff has honored none of them.

**C. Defendant Has Been Prejudiced by Plaintiff's Inaction.**

Plaintiff's inaction has caused, and continues to cause, concrete prejudice to Defendant. Defendant has been injured by this case in that it has harmed his employment opportunities as this wrongful action was filed directly attacking Defendant's character. As long as this case stays unresolved in the public viewing, Defendant will continue to be harmed. Defendant has borne costs associated with filing documents, retaining an expert, and seeking general legal advice regarding how to defend himself, while Plaintiff has contributed nothing to the progress of the case.

Beyond financial prejudice, Defendant suffers ongoing reputational and operational harm from the mere pendency of this action. The claims asserted by Plaintiff, whatever their merit, remain a cloud over Defendant's reputation and business relationships so long as the case remains on the Court's docket. Every day this action continues without resolution is a day Defendant must live with that uncertainty. A Plaintiff who files suit and then refuses to prosecute it forces the Defendant to endure indefinite exposure to claims that the Plaintiff will not stand behind in court.

9

This Court recognized the importance of timely resolution when it issued its scheduling order and directed the parties to participate in mediation. Defendant has honored those directives. Plaintiff has ignored them. To permit this case to remain pending indefinitely—with Plaintiff maintaining the benefit of having filed suit while bearing none of the obligations—would compound the prejudice to Defendant.

**D. Plaintiff's Failure to Comply with the Court's Settlement Conference Directive Independently Warrants Dismissal and Sanctions.**

A court order directing the parties to participate in Settlement Conference is precisely the type of court order that Rule 41(b) and Rule 16(f) are designed to enforce. Rule 16(f)(1)(C) authorizes sanctions, including dismissal, when a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Plaintiff's complete non-participation in the court-ordered Settlement Conference process falls squarely within this provision.

Defendant emphasizes that it is not seeking to avoid Settlement Conference. Defendant has actively sought to schedule and participate in the Settlement Conference, and would welcome the opportunity to resolve this dispute through that process. The obstacle is Plaintiff's silence. A Settlement Conference requires the participation of both parties, and no conference can be scheduled, much less conducted, when one party refuses to respond to all communications on the subject. The Court-directed Settlement Conference cannot be satisfied through Defendant's efforts alone.

This case should not remain pending on the Court's docket indefinitely while Plaintiff refuses to participate in court-directed proceedings. If Plaintiff had a legitimate reason for its prolonged silence, it has had ample opportunity to so advise the Court and the Defendant. It has not done so. In the absence of any explanation, the most reasonable inference is that Plaintiff has simply chosen not to prosecute this action, and the Court should act accordingly.

**E. No Lesser Sanction Would Be Effective.**

Before ordering dismissal under Rule 41(b), courts consider whether a lesser sanction would cure the harm and induce compliance. Here, no lesser sanction would serve those ends. Plaintiff is not merely tardy or disorganized. Plaintiff has been entirely absent from this litigation. It has not served an expert report, not responded to communications, not participated in discovery, not opposed Summary Judgment, and not engaged in Settlement Conference scheduling. A monetary sanction would be meaningless to a party that does not appear; a warning would fall on deaf ears. There is no sanction short of dismissal that would effectively address a Plaintiff who has, in practical effect, already abandoned its own case.

Moreover, given Plaintiff's demonstrated unwillingness to engage in the litigation process, any order short of dismissal would simply invite further delay and further prejudice to Defendant while providing no assurance that Plaintiff would ever substantively participate. The interests of justice, and of this Court's docket, are best served by bringing this matter to a close.

**F. In the Alternative, the Court Should Rule on Defendant's Pending, Unopposed Motion for Summary Judgment.**

If the Court declines to dismiss this action under Rule 41(b), Defendant respectfully requests that the Court proceed to rule on the pending Motion for Summary Judgment. That motion is fully briefed—or rather, fully submitted, as Plaintiff chose not to respond—and the undisputed record demonstrates that Defendant is entitled to judgment as a matter of law. Although a district court is not required to grant Summary Judgment merely because no opposition has been filed, the Court may properly grant the motion where, as here, the moving party has carried its burden of demonstrating the absence of a genuine dispute of material fact. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Defendant respectfully submits that the record supports that conclusion here.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Clint Sosa respectfully requests that the Court:

1.     Dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute;

2.     In the alternative, enter Summary Judgment in favor of Defendant on Defendant's pending, unopposed Motion for Summary Judgment;

3.     Award Defendant appropriate sanctions under Federal Rule of Civil Procedure 16(f) for Plaintiff's failure to comply with the Court's mediation directive,

12

including an award of Defendant's consulting fees and costs incurred in connection with this matter; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: July 06, 2026

Respectfully submitted,

_____
Defendant Clint Sosa

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on counsel of record for all parties via electronic filing system and email this 6th day of July 2026.

Asim Ghafoor                                    Via Email: aghafoor@hsahospitals.com
HSA Regional Counsel
1401 St. Joseph Parkway
Houston, TX 77002

Defendant Clint Sosa

14